IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALBERT JOHNSON, JR. and<br>LOUIS HOUSEMAN,<br><br>    **Plaintiffs,**<br><br>vs.<br><br>GEOFFREY SMITH, DEBORAH<br>GUETTERMAN, DANA ALBRIGHT,<br>DAVID JACKSON, CHRISTOPHER<br>SMITH, and WATERFRONT SERVICES<br>COMPANY,<br><br>    **Defendants.** | Case No. 05-4081-JLF<br><br>Judge James L. Foreman |

# ORDER

Before the Court are various motions. These motions are discussed below.

**I.     Joint Motion for Issuance of a Confidentiality Agreement and Protective Order.**

Before the Court is the parties' joint motion for issuance of a confidentiality agreement and protective order under Federal Rule of Civil Procedure 26(c) (Doc. 38). Initially, the Court notes that the parties' proposed confidentiality agreement and protective order has not been attached as indicated in the pleading. Furthermore, even if the proposed confidentiality agreement and protective order had been attached, the motion for its issuance would not be granted. Federal Rule of Civil Procedure 26(c) states that:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, *and for good cause shown*, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; . . . .

*Fed. R. Civ. P. 26(c) (emphasis added)*.

Thus, under Rule 26(c), a district court has the power to issue a protective order only upon a showing of "good cause." "Even if the parties agree that a protective order should

be entered, they still have 'the burden of showing that good cause exists for issuance of that order. It is equally apparent that the obverse also is true, i.e., if good cause is not shown, the discovery materials in question should not receive judicial protection . . .'" *Jepson, Inc. v. Makita Elec. Works*, 30 F.3d 854 (7th Cir. 1994) (*citing Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 789 (1st Cir.1988), *cert. denied*, 488 U.S. 1030 (1989) (*quoting In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 145-146 (2d Cir.), *cert. denied sub nom. Dow Chem. Co. v. Ryan*, 484 U.S. 953, 108 S.Ct. 344, 98 L.Ed.2d 370 (1987))).

Here, the parties have not provided sufficient information to enable the Court to determine whether good cause exists to enter the protective order under Federal Rule of Civil Procedure 26(c). Accordingly, the motion for entry of a confidentiality agreement and protective order (Doc. 38) is **DENIED**.

**II.    Other motions.**

Also before the Court is plaintiffs' motion to modify the scheduling and discovery order, (Doc. 39), and plaintiffs' motion to compel discovery (Doc. 44). The resolution of these motions, depends at least in part, upon the resolution of a renewed motion for entry of a confidentiality agreement and protective order. The parties are granted leave to submit a renewed motion that demonstrates good cause for issuance of the protective order. Until resolution of the protective order issue, however, plaintiffs' motion to modify the scheduling and discovery order, (Doc. 39), and motion to compel discovery, (Doc. 44), are **MOOT.** Plaintiffs' are granted leave to resubmit these motions, if necessary, at an appropriate time. The motion for extension of time to respond to plaintiffs' motion to compel, (Doc. 47), is **MOOT**. Also, it is evident to the Court that due to the state of the parties' discovery, or lack thereof, the motion for preliminary injunction, (Doc. 18), has been filed prematurely and is therefore deemed **MOOT** at this time.

Finally, before the Court is a motion to withdraw filed by Attorney Benjamin F. Westhoff, (Doc. 42), counsel for defendants. Defendants are also represented by Attorney

Robert J. Tomaso and R. Lance Witcher. Accordingly, the motion to withdraw is **GRANTED**. Attorney Westoff is allowed to withdraw from this matter.

### III.  Summary.

Based on the above, the joint motion for entry of a confidentiality agreement and protective order (Doc. 38) is **DENIED**. Plaintiffs' motion to modify the scheduling and discovery order, (Doc. 39), motion to compel discovery, (Doc. 44), and motion for preliminary injunction, (Doc. 18), are **MOOT.** Plaintiffs' are granted leave to resubmit these motions, if necessary, at an appropriate time. The motion for extension of time to respond to plaintiffs' motion to compel, (Doc. 47), is **MOOT**. The motion to withdraw filed by Attorney Benjamin F. Westhoff, (Doc. 42), is **GRANTED.**

The Court is confident that the attorneys for both sides will engage in good-faith and cooperative discovery efforts. The Court is also confident that the attorneys will act in their clients' best interests by using their good-faith efforts to avoid a protacted discovery battle which will result in additional expense and delay in what is already a complicated, and expensive, piece of litigation.

**IT IS SO ORDERED**
**DATED:**  January 9, 2006.

*s/ James L. Foreman*
**DISTRICT JUDGE**